UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS OF
FLORIDA, INC., THE ANDREW
GOODMAN FOUNDATION, INC.,
MEGAN NEWSOME, AMOL
JETHWANI, MARY ROY a/k/a JAMIE
ROY, DILLON BOATNER,
ALEXANDER ADAMS and ANJA
RMUS,

      Plaintiffs,

v.

KENNETH W. DETZNER, in his official
capacity as the Florida Secretary of State,

      Defendant.

Case No. 4:18-cv-00251
(MW/CAS)

## DECLARATION OF ION SANCHO

I, Ion Sancho, according to 28 U.S.C. §1746, hereby state:

1.     My name is Ion Sancho. I am over 18 years of age, am competent to testify, and declare the following facts based on my own personal knowledge.

2.     I served as the Supervisor of Elections for Leon County, Florida from January 1989 through December 2016. My official duties required me to be familiar with Florida election law and practice in general, and knowledgeable of voting and voting site issues in Leon County.

3.     The main campus of Florida State University ("FSU Campus") is located in one of the most developed areas of Tallahassee, and has a large population of students, faculty, and support personnel who are daily present on

campus during the school year, including on the dates of normally scheduled primary and general elections.

4.      In addition to a substantial population of students living in housing on campus, the neighborhoods surrounding the FSU Campus are among the most populated areas of Tallahassee and have a heavy concentration of FSU students.

5.      Parking on FSU Campus and in the surrounding neighborhoods is particularly problematic during the school year.  Due to the scarcity of parking, other than those fortunate enough to have assigned parking, even individuals with access to cars are likely to find it difficult to leave and return to campus by car to vote during business / school hours.

6.      Based on my extensive experience in elections administration in Tallahassee I am confident that there is a large population of voting age residents on or near FSU Campus who have been and will continue to be disproportionately disadvantaged in their access to early voting in comparison to residents who live and work outside the FSU Campus and immediate surroundings because early vote sites have not been located on the FSU Campus.

7.      During my 28 years as the Supervisor of Election for Leon County, I arranged for election-day voting sites on the FSU Campus for many, if not each, of the primary and general elections.  I did so because of the large, concentrated population of voters on the FSU Campus and evident need for accessibility to

voting, as reflected in the typically long lines for election-day voting on the FSU Campus.

8.     In my experience, the election-day voting sites on the FSU Campus experienced the most consistent and substantial delays associated with voter-administration difficulties, in that a disproportionately high number of voters (mostly students) appearing at those voting sites had, for instance, changed residential addresses and required time-consuming assistance to update their voter registration.  Such problems lead to delays that slow the rate at which voters can be processed at the FSU Campus, as compared with voting sites elsewhere in Leon County that serve less transient, suburban populations, with older and more experienced voters.

9.     In light of my experience with election-day voting sites, the FSU campus is a suitable location for an early voting site.

10.    I believe that having an early voting site on the FSU campus would help alleviate the disproportionate burdens on voting, including transportation issues and administrative delay, faced by the large population of voting-aged individuals who live or work on or in the immediate vicinity of the FSU Campus.

11.    It should not be necessary to have parking for voters at an early voting site on FSU Campus, due to the large, concentrated population of voting-age individuals who are present on or come to the FSU Campus on a daily basis,

notwithstanding the scarcity of parking.

12.     Based on my extensive experience in elections administration, my office was generally able to obtain or reallocate funding in order to open and staff additional voting sites, as necessary.  I would anticipate that sufficient funding would be available to open an early voting site on the FSU Campus, should the Supervisor of Elections of Leon County seek to do so.

13.     For substantially all of my career as the Supervisor of Elections for Leon County, I was a member of the Florida State Association of Supervisors of Elections ("FSASE").  Based on my understanding and experience, all of the Supervisors of Elections in Florida are and have been members of the FSASE.  The FSASE is an association dedicated to upholding the integrity of the elections process and to developing consensus among Florida's Supervisors of Elections on best practices on election issues and policy.  I am generally familiar with the work of the FSASE and with the best-practice advice and materials it provides to its members.

14.     In Florida, the Secretary of State ("Secretary") is chief elections officer and, as such, is responsible for the administration and implementation of election laws and for obtaining and maintaining uniformity in the interpretation and implementation of the election laws, as reflected in Section 97.012, Florida Statutes.  Through the Division of Elections ("Division"), the Secretary issues

formal opinions on the interpretation of election laws. A supervisor of elections

may request an advisory opinion from the Division pursuant to Section 106.23(2).

The opinions of the Division are published and maintained on the Florida

Department of State's website.   The Division circulates the opinions of the

Division among the Supervisors of Elections, and FSASE staff advises its

members on the application of such opinions.

15.     On January 17, 2014, the Division of Elections issued the Opinion

referenced as "DE 14-01 Early Voting – Facilities, Locations – § 101.657, Florida

Statutes" ("Opinion DE 14-01"), which opined on whether public college- or

university-related facilities can be construed to fit the list of facilities in Section

101.675, Florida Statutes, as facilities where Florida's Supervisors of Elections

have discretion to place early voting sites.  I received notice of Opinion DE 14-01

soon after it was issued.

16.     Based on my experience, I am generally familiar with the deference

given by Supervisors of Elections to the opinions of the Division.  The FSASE and

Florida's Supervisors of Election generally treat written opinions of the Division,

including but not limited to Opinion DE 14-01, as authoritative and follow such

opinions, absent contrary directive by a court, by statute, or by the Secretary of

State.  I fully anticipate that the Supervisors of Elections in Florida will not place

early voting sites on a public college or university campuses in light of Opinion

DE 14-01, absent a contrary directive by a court, by statute, or by the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 19, 2018

Ion Sancho