UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., THE ANDREW GOODMAN FOUNDATION, INC., MEGAN NEWSOME, AMOL JETHWANI, MARY ROY a/k/a JAMIE ROY, DILLON BOATNER, ALEXANDER ADAMS, AND ANJA RMUS,<br><br>    Plaintiffs,<br><br>v.<br><br>KENNETH DETZNER, in his official capacity as the Florida Secretary of State,<br><br>    Defendant. | Case No. 4:18-cv-00251-MW-CAS |

**REPLY IN SUPPORT OF THE SECRETARY'S 12(B) MOTION TO ABSTAIN OR, IN THE ALTERNATIVE, TO DISMISS**

### I.  INTRODUCTION

The Secretary responds to two arguments in the Plaintiffs' Response in Opposition to the Secretary's Motion to Abstain or, in the Alternative, to Dismiss: (1) abstention under the Eleventh Circuit's prior precedents, and (2) the constitutional minimum of Article III redressability.[1]

---

[1] This Reply refers to the Plaintiffs collectively as "Plaintiffs," Florida Secretary of State Kenneth Detzner as "Secretary," and filings before this Court as "ECF" followed by the docket number and pincite.  While the Plaintiffs refer to the 2014 Advisory Opinion issued by the Director of the Division of Elections as the "Secretary's interpretation and application," ECF 16 at ¶ 1, this filing refers to it as the "Division's 2014 Advisory Opinion" for the sake of correctness and clarity.

1

## II.   ARGUMENT

*First,* it is incorrect for the Plaintiffs to state that, in arguing for abstention, the Secretary "relies entirely on inapplicable precedent from other Circuits," and ignores case law from the Eleventh Circuit. ECF 42 at 2. The Secretary's request is rooted in *Railroad Commission of Texas v. Pullman Company,* 312 U.S. 496 (1941). This U.S. Supreme Court precedent binds all courts within the Eleventh Circuit. The Plaintiffs can neither cite to, nor is there, a bright-line rule prohibiting abstention in election-related cases, especially where a narrow, state law grounds for relief is available.

Importantly, nothing in the Eleventh Circuit's jurisprudence suggests that federal courts should instruct state officials on how to conform their conduct to state law. The U.S. Supreme Court in *Pennhurst State School & Hospital. v. Halderman,* 465 U.S. 89, 106 (1984) and the Eleventh Circuit in *Hand v. Scott,* 888 F.3d 1206, 1213-14 (11th Cir. 2018) specifically caution against granting such relief. Yet this is precisely what the Plaintiffs would have this Court do – conclude that a state official's interpretation of § 101.657(1)(a) of the Florida Statutes is "directly contrary to th[e] plain, unqualified, and unambiguous language" of the statute, ECF 23-1 at 1, and to then direct the Secretary and the 67 county supervisors of elections to conform their actions to such an interpretation. ECF 23

at 2. Abstention is more consistent with *Pennhurst* and *Hand*, and the venerated principle of avoiding constitutional adjudication where possible.

Abstention here would also be consistent with Eleventh Circuit precedents. According to *Siegel v. LePore*, 234 F.3d 1163, 1174 (11th Cir. 2000), this Court should "take into account the nature of the controversy and the importance of the right allegedly impaired" before deciding whether to abstain. The "nature of th[is] controversy" concerns an alleged *inconvenience* – not *disenfranchisement*. *Id.* The Plaintiffs do not allege, nor can they allege, that the 2014 Advisory Opinion at issue *disenfranchises* "a broad class of citizens." *Duncan v. Poythress*, 657 F.2d 691, 699 (5th Cir. Unit B 1981). In fact, the Plaintiffs cannot point to a *single* person who has actually been disenfranchised. The Plaintiffs allege only that a narrow class of the voting-age population is *inconvenienced* when voting by a single method – early voting. The Plaintiffs then make an "unjustified leap" from inconvenience to "denial or abridgement of the right to vote." *Lee v. Va. State Bd. of Elections*, 843 F.3d 592, 600-01 (4th Cir. 2016).

To be sure, the Eleventh Circuit's prior abstention-related cases concern *abridgements* on the right to vote – not mere *inconveniences*. In *Duncan*, state officials refused to call a special election to fill a vacancy on the Georgia Supreme Court, denying all electors a right to vote. 657 F.2d at 693. In *Edwards v. Sammons,* 437 F.2d 1240, 1241 (5th Cir. 1971), an official purged voters from the

official voter rolls, again denying these electors the right to vote. In *Siegel*, the state officials were conducting manual recounts without any objective statutory criteria to guide their evaluation of ballots, potentially denying effect to voter intent. 234 F.2d at 1181-82. Even assuming the Plaintiffs' allegations are true, they have not alleged any abridgement of their right to vote by mail *or* in person on Election Day *or* during the 8-14 days of early voting at any of the multiple early voting sites authorized under § 101.657(1)(a). The Plaintiffs' allegations simply cannot rise to the level of *Siegel*, *Duncan*, and *Edwards*. Thus, the admonition disfavoring abstention simply does not apply here; that admonition applies only where voting rights are being abridged or denied.

*Second,* the "irreducible constitutional minimum" of Article III standing requires the Plaintiffs to establish (1) an actual or imminent injury, (2) causation, and (3) redressability. *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011) (citations omitted). The Plaintiffs cannot establish redressability because they ask this Court to restore discretion to Florida's supervisors of elections to place early voting sites on-campus, ECF 42 at 23, yet acknowledge that the supervisors would not be *required* to do so. Indeed, it is "merely speculative" that local supervisors of elections would choose on-campus early voting sites to redress the Plaintiffs' alleged harm when, by the Plaintiffs' own admission, early voting sites are already available near campus, students can

4

vote by mail, and parking on-campus is difficult for students, faculty, and the general public alike. *Hollywood Mobile Estates,* 641 F.3d at 1266; *see also* ECF 45 at 8-14, 21-24 (collecting citations to the Plaintiffs' filings and other related materials).

The Plaintiffs nevertheless rely on *Obama for America v. Husted*, 697 F.3d 423 (6th Cir. 2012) for the proposition that merely restoring some discretion to the supervisors of elections is enough to bridge the gap between their allegations and the constitutional minimum of redressability. *See* ECF 42 at 32-33. That simply is not so. In *Obama for America*, the "Plaintiffs introduced extensive evidence" of approximately 100,000 voters being disenfranchised through the challenged state action, and that a restoration of local discretion would help to ameliorate the harm. 697 F.3d at 431. Unlike *Obama for America,* the Plaintiffs here cannot point to a single voter being disenfranchised – much less 100,000 voters – and cannot show that restoring the discretion of a supervisor of elections would result in an early voting site being located closer than 1 mile from the campuses of the named Plaintiffs.

### III.   CONCLUSION

For the foregoing reasons, the Secretary respectfully asks this Court to abstain from deciding the case. These proceedings should be stayed and the Plaintiffs given an opportunity to seek a resolution of the narrow state statutory

construction issue that could prove dispositive. *See generally England v. La. State Bd. of Med. Exam'rs,* 375 U.S. 411, 419-22 (1964) (discussing process accompanying abstention); *Doe v. McCulloch,* 835 F.3d 785, 788-89 (8th Cir. 2016) (explaining that stay accompanying abstention is proper).

In the alternative, this Court should dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1) because the Plaintiffs cannot satisfy the redressability element of Article III standing, or for failure to state a cause of action under Rule 12(b)(6) because the Plaintiffs fail to allege any constitutionally cognizable burdens that result in a constitutional deprivation.

*** 

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

The undersigned certifies that he conferred with counsel for the Plaintiffs regarding this filing. Counsel for the Plaintiffs agree that this Court granted the Secretary leave to file this Reply without an accompanying motion requesting leave during the June 29, 2018 scheduling call in this case. *See* ECF 40 (anticipating "Reply to Motion to Dismiss [being] due [on] July 6th").

The undersigned further certifies that this Reply complies with the size, font, and formatting requirements of Local Rule 5.1(C), and that this Reply complies with the word limit in Local Rule 7.1(F); this Motion contains 1,500 words, excluding the case style, signature block, and certificates.

\*\*\*

Respectfully submitted by:

DAVID A. FUGETT (FBN 117498)
 *General Counsel*
 david.fugett@dos.myflorida.com
JESSE DYER (FBN 114593)
 *Assistant General Counsel*
 jesse.dyer@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone:  (850) 245-6536
Fax:  (850) 245-6127

*/s/ Mohammad O. Jazil*
MOHAMMAD O. JAZIL (FBN 72556)
 mjazil@hgslaw.com
GARY V. PERKO (FBN 855898)
 gperko@hgslaw.com
MALCOLM N. MEANS  (FBN 0127586)
 mmeans@hgslaw.com
HOPPING GREEN & SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
Phone: (850) 222-7500
Fax:  (850) 224-8551

Dated:  July 6, 2018              *Counsel for the Secretary of State*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of a Notice of Electronic Filing through the Court's CM/ECF system to the following on this 6th day of July, 2018:

Frederick S. Wermuth
KING, BLACKWELL, ZEHNDER
&WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

Marc E. Elias
Elisabeth C. Frost*
Amanda Callais*
Jacki L. Anderson*
John M. Geise*
Alexi M. Velez*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
efrost@perkinscoie.com
acallais@perkinscoie.com
jackianderson@perkinscoie.com
jgeise@perkinscoie.com
avelez@perkinscoie.com
*Admitted Pro Hac Vice

*Counsel for the Plaintiffs*

                                                /s/ Mohammad O. Jazil
                                                Attorney