UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., THE ANDREW GOODMAN FOUNDATION, INC., MEGAN NEWSOME, AMOL JETHWANI, MARY ROY a/k/a JAMIE ROY, DILLON BOATNER, ALEXANDER ADAMS, AND ANJA RMUS,<br><br>    Plaintiffs,<br><br>v.<br><br>KENNETH DETZNER, in his official capacity as the Florida Secretary of State,<br><br>    Defendant. | Case No. 4:18-cv-00251-MW-CAS |

## **FLORIDA SECRETARY OF STATE'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, KENNETH DETZNER, in his official capacity as the Florida Secretary of State, by and through his undersigned counsel, hereby answers Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief.

## **RESPONSE TO ALLEGATIONS**

As to the numbered paragraphs of the Complaint, the Secretary answers as follows:

### **NATURE OF THE CASE**

1. Denied.

1

2. The statute referred to speaks for itself. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 2.

3. The statute cited speaks for itself. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 3.

4. Denied.

5. The Secretary specifically denies the allegations of numbered paragraph 5 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 5; therefore denied.

6. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 6; therefore denied.

7. The Secretary specifically denies the allegations of numbered paragraph 7 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 7; therefore denied.

8. Denied.

## JURISDICTION & VENUE

9. The Secretary admits that this action was brought under 42 U.S.C. §§ 1983 and 1988. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 9.

10. Admitted.

11. Denied to the extent the Eleventh Amendment to the U.S. Constitution serves as a bar to this lawsuit and the relief requested.

12. Admitted.

13. The cited statutes speak for themselves. The Secretary specifically denies that Plaintiffs are entitled to a declaratory judgment from this Court.

14. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 14; therefore denied.

## PARTIES

15. The Secretary specifically denies the allegations of numbered paragraph 15 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 15; therefore denied.

16. The Secretary specifically denies the allegations of numbered paragraph 16 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 16; therefore denied.

17. The Secretary specifically denies the allegations of numbered paragraph 17 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 17; therefore denied.

18. The Secretary specifically denies the allegations of numbered paragraph 18 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 18; therefore denied.

19. The Secretary specifically denies the allegations of numbered paragraph 19 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 19; therefore denied.

20. The Secretary specifically denies the allegations of numbered paragraph 20 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 20; therefore denied.

21. The Secretary specifically denies the allegations of numbered paragraph 21 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 21; therefore denied.

22. The Secretary specifically denies the allegations of numbered paragraph 22 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 22; therefore denied.

23. The statutes cited speak for themselves. The Secretary specifically denies the allegations of numbered paragraph 22 concerning the interpretation and potential impact of the Advisory Opinion.

## STATEMENT OF THE FACTS AND LAW

24. The cases and publications cited speak for themselves. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 24; therefore denied.

25. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 25; therefore denied.

26. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 26; therefore denied.

27. Admitted.

28. Admitted.

29. Admitted.

30. The bill cited speaks for itself. The Secretary admits that the bill was passed and signed into law in 2011.

31. Admitted.

32. Admitted.

33. The cases and statutes cited speak for themselves. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 33; therefore denied.

34. The statute cited speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 34; therefore denied.

35. The case cited speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 35; therefore denied. The case cited in Footnote 5 speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the legal conclusions contained in Footnote 5; therefore denied.

36. The pleading and statute cited speak for themselves. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 36; therefore denied.

37. The statute cited speaks for itself. The remaining factual allegations in numbered paragraph 37 are denied.

38. Admitted.

39. Admitted.

40. The Secretary's report speaks for itself. The Secretary denies any remaining factual allegations in numbered paragraph 40.

41. The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations in numbered paragraph 41; therefore denied.

42. The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations in numbered paragraph 42; therefore denied.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. The publication and bill cited speak for themselves. The Secretary admits that HB 7013 passed and was signed into law by the Governor. The Secretary lacks sufficient information or knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 47; therefore denied.

48. The cited document speaks for itself. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 48.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Denied.

54. The Secretary admits that the Advisory Opinion was issued in 2014, but specifically denies the allegations of numbered paragraph 54 concerning the scope and interpretation of the Advisory Opinion.

55. The Secretary admits that the City of Gainesville requested the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 55.

56. Admitted.

57. The Secretary admits that the Advisory Opinion was issued in 2014, but specifically denies the allegations of numbered paragraph 57 concerning the scope and interpretation of the Advisory Opinion.

58. The Advisory Opinion and the cited bills speak for themselves. The Secretary specifically denies the remaining allegations in numbered paragraph 58.

59. Denied.

60. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in paragraph 60; therefore denied.

61. The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 61; therefore denied.

62. The Secretary specifically denies the allegations of numbered paragraph 62 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 62; therefore denied.

63. Since Plaintiffs do not define the term "campus," the Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 63; therefore denied.

64. The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 64; therefore denied.

65. The Secretary specifically denies the allegations of numbered paragraph 65 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 65; therefore denied.

66. The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 66; therefore denied.

67. Denied.

68. Denied.

69. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 69; therefore denied.

70. Denied.

71. Denied.

72. The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 72; therefore denied.

73. The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 73; therefore denied.

74. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 74; therefore denied.

75. The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 75; therefore denied.

76. The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 76; therefore denied.

77. Denied.

78. Denied.

## CLAIMS FOR RELIEF

## COUNT I

79. The Secretary incorporates by reference the responses to numbered paragraphs 1-78 of the First Amended Complaint.

80. The legal authorities cited speak for themselves. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 80.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. The Secretary specifically denies the allegations of numbered paragraph 85 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 85; therefore denied.

86. The Secretary specifically denies the allegations of numbered paragraph 86 concerning the potential impact of the Advisory Opinion. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 86; therefore denied.

87. The cases cited speak for themselves. The Secretary denies the factual allegations and legal conclusions contained in numbered paragraph 87.

88. The cases cited speak for themselves. The Secretary denies the factual allegations and legal conclusions contained in numbered paragraph 88.

89. The statute referred to speaks for itself. The Secretary denies the factual allegations and legal conclusions contained in numbered paragraph 89.

90. Denied. The Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count I of the First Amended Complaint.

## **COUNT II**

91. The Secretary incorporates by reference the responses to numbered paragraphs 1-78 of the First Amended Complaint.

92. The Twenty-Sixth Amendment and the case cited speak for themselves. To the extent numbered paragraph 92 contains any other factual allegations or legal conclusions, they are denied.

93. The Twenty-Sixth Amendment and the case cited speak for themselves. To the extent numbered paragraph 93 contains any other factual allegations or legal conclusions, they are denied.

94. The statute cited speaks for itself. The Secretary denies the factual allegations and legal conclusions contained in numbered paragraph 94.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

The Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count II of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

The Secretary hereby alleges the following affirmative defenses to the Complaint:

1. <u>Failure to State a Cause of Action</u>. The Complaint and each claim alleged therein fails to state a valid cause of action or claim for relief.

2. <u>Lack of Standing</u>. The Plaintiffs lack standing under Article III of the U.S. Constitution.

3. <u>Eleventh Amendment</u>. The Secretary asserts the defense of Eleventh Amendment immunity to all claims to which that defense applies.

4. <u>Laches</u>.  The Secretary asserts the defense of laches to all claims to which that defense applies.

        Respectfully submitted by:

D<small>AVID</small> A. F<small>UGETT</small> (FBN 117498)
  *General Counsel*
  david.fugett@dos.myflorida.com
J<small>ESSE</small> D<small>YER</small> (FBN 114593)
  *Assistant General Counsel*
  jesse.dyer@dos.myflorida.com
F<small>LORIDA</small> D<small>EPARTMENT OF</small> S<small>TATE</small>
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone:  (850) 245-6536
Fax:  (850) 245-6127

*/s/ Mohammad O. Jazil*
M<small>OHAMMAD</small> O. J<small>AZIL</small> (FBN 72556)
 mjazil@hgslaw.com
G<small>ARY</small> V. P<small>ERKO</small> (FBN 855898)
 gperko@hgslaw.com
M<small>ALCOLM</small> N. M<small>EANS</small>  (FBN 0127586)
 mmeans@hgslaw.com
H<small>OPPING</small> G<small>REEN</small> & S<small>AMS</small>, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
Phone: (850) 222-7500
Fax:  (850) 224-8551

Dated:  August 7, 2018        ***Counsel for the Secretary of State***

15

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of a Notice of Electronic Filing through the Court's CM/ECF system to the following on this 7th day of August, 2018:

Frederick S. Wermuth
KING, BLACKWELL, ZEHNDER &WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

Marc E. Elias
Elisabeth C. Frost*
Amanda Callais*
Jacki L. Anderson*
John M. Geise*
Alexi M. Velez*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
efrost@perkinscoie.com
acallais@perkinscoie.com
jackianderson@perkinscoie.com
jgeise@perkinscoie.com
avelez@perkinscoie.com

*Admitted Pro Hac Vice

*Counsel for the Plaintiffs*

Abha Khanna*
PERKINS COIE, LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: (206) 359-9312
AKhanna@perkinscoie.com

*Admitted Pro Hac Vice*

*Counsel for the Plaintiffs*

/s/ Mohammad O. Jazil
Attorney