UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS OF
FLORIDA, INC., *et al.*,
    Plaintiffs,

v.

LAUREL M. LEE, in her official capacity
as the Florida Secretary of State,
    Defendant.

Case No. 4:18-cv-00251-MW-CAS

**SECRETARY RESPONSE TO MOTION
FOR PERMANENT INJUNCTION**

This Court should deny the Plaintiffs' Motion for Permanent Injunction.[1]

First, these proceedings are moot, and so there no longer exists a live case or

controversy for this Court to consider.  Second, the Plaintiffs have not satisfied the

requirements for a permanent injunction.

### *The Case is Moot*

The Secretary has issued two directives of relevance here.  Directive 2018-

01 rescinds the 2014 Advisory Opinion that the Plaintiffs challenged for allegedly

barring supervisors of elections from exercising their discretion to place early

voting sites on college and university campuses.  *Compare* ECF 68-1 *with* ECF 16

at ¶ 78 and ECF 42 at 23.  Directive 2019-01 makes clear that the *plain language*

of § 101.657(1)(a) of the Florida Statutes allows supervisors to exercise their

---

[1] This Response refers to Secretary Laurel M. Lee as "Secretary," the Plaintiffs
collectively as "Plaintiffs," and references to docket at "ECF" followed by the
appropriate docket number and pincite.

discretion to place early voting sites on college and university campuses, thereby addressing this Court's concerns about the rules of statutory construction used in the 2014 Advisory Opinion. *Compare* ECF 98-1 *with* ECF 65 at 14 and n.7-8. As the Secretary explained in her brief on mootness, these directives render the case moot. *See* ECF 98 (collecting citations and making argument for same).

But the Plaintiffs disagree in their most recent filing. "In sum," the Plaintiffs believe the Secretary's directives are "just more of the same," issued with the "true purpose" of "avoid[ing] entry of a permanent injunction." ECF 102 at 5. Although the Plaintiffs see this Court's prior ruling at the preliminary injunction stage as "cover[ing] the full scope of relief that the Plaintiffs seek in this action" through the restoration of the supervisors' discretion, ECF 102 at 24, the Plaintiffs now shift their focus from restoring the supervisors' discretion to seeking some specific declaration mandating the use of the Reitz Union at the University of Florida as an early voting site. *Compare* ECF 102 at 4-5, 25, 29[2] *with* DE 64 at 8

---

[2] Specifically, the Plaintiffs object to Directive 2019-01 because it does not clarify whether the "Reitz Union (or sites like it) may not be used for early voting," ECF 102 at 4; the Plaintiffs claim that "[n]othing in the 2019 Directive either indicates to the SOE that opened [Reitz Union] . . . that the Secretary now views the Reitz Union as an appropriate (and legal) early voting site under Florida law, nor does it restrict the Secretary in any way from taking the contrary position again," ECF 102 at 4-5; the Plaintiffs argue that the Secretary's failure to address whether "Reitz Union is itself" an appropriate early voting site is objectionable, ECF 102 at 25; and the Plaintiffs allege that Directive 2019-01 "appears to double down on the assertion made in the 2014 Opinion that the Reitz Union does not constitute a

("[I]t is reasonable to infer that the Defendant's Opinion has limited the discretion Florida law grants to supervisors of elections" and the Plaintiffs have standing because "[t]hey seek the restoration of discretion to supervisors of elections, who have been constrained by Defendant's Opinion.").

Put another way, the Plaintiffs now seek a declaration from a *federal* court to compel one *state* official (the Secretary) to mandate a certain outcome under *state* law to other another *state* official (Alachua County's Supervisor Barton) when there is no actual or imminent impairment to the Plaintiffs' voting rights. The Plaintiffs ask for too much. *See generally Hand v. Scott*, 888 F.3d 1206, 1213-14 (11th Cir. 2018) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984) for the proposition that a district court should not enjoin state officials to follow the district court's interpretation of state law); *Fla. Democratic Party v. Detzner*, No. 4:16-cv-607, 2016 WL 6090943 (N.D. Fla. Oct. 16, 2016).[3]

---

government-owned community center or convention center for purposes of early voting under section 101.657." ECF 102 at 29.

[3] This Court's prior opinion in *Florida Democratic Party* provides guidance on this precise issue. There, the former Secretary argued that he was not the appropriate defendant in a case concerning Florida's mismatched-signature ballot scheme. *Id.* at *13-16. This Court disagreed, reasoning that the Secretary had the power to direct the supervisors of elections that (1) Florida's scheme was unconstitutional, and (2) the supervisors (and canvassing boards) were required to allow mismatched-signature ballots to be cured in the same fashion as nonsignature ballots. *Id.* at *13-16, *28-29. Notably, however, this Court stated that the Secretary's argument "would have more merit" were this Court being "asked to order [the Secretary] to direct the individual supervisors of elections to implement

Statements by the Plaintiffs' lead counsel further undercut their attempt to avoid mootness. On the very day the Secretary issued Directive 2019-01, Marc Elias, heralded Directive 2019-01 as "[a]nother win for voting rights," claimed credit for this "win," and shared a copy of the Secretary's directive through his Twitter account. *See* Tweet reproduced below and available at https://twitter.com/marceelias?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7C twgr%5Eauthor (last visited Feb. 27, 2019).





___

specific procedures (which are ordinarily discretionary)." *Id.* at *15. That is what the Plaintiffs now ask for here.

So it seems the Plaintiffs either say one thing and mean another, or they cannot make up their minds.  They claim before this Court that the Secretary's actions do little—that these actions are "just more of the same."  ECF 102 at 5. Their lead counsel claims on Twitter that the Secretary's actions are "[a]nother win for voting rights in Florida," which presumably make this case moot.  *See supra.*

Unlike the Plaintiffs, the Secretary means what she says:  "The plain text of [§ 101.657(1)(a) of the Florida] [S]tatute[s] does not prohibit supervisors [of elections] from placing early voting sites on college and university campuses." ECF 98-1.  Her statement is clear.  Her statement leaves no room for ambiguity. Her statement is consistent with the position taken by her Office throughout the litigation.  Her statement ameliorates any possible concerns about the 2014 Advisory Opinion serving as a ban on on-campus early voting sites.  And, importantly, her statement, together with the earlier recession of the 2014 Advisory Opinion, is entitled to a presumption that the allegedly improper burdens on voting rights will not resume.  *See, e.g.*, *Doe v. Wooten*, 747 F.3d 1317, 1322 (11th Cir. 2014) (applying presumption and noting that it is "particularly warranted where the government repealed or amended a challenged statute or policy").

This case is thus moot.  Because it is moot, this Court should deny the Plaintiffs' Motion for Permanent Injunction for want of jurisdiction.  *See Arizonans for Official Eng. v. Az.*, 520 U.S. 43, 68 n.22 (1997) ("Mootness has

been described as the doctrine of standing set in a time frame:  The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." (citations omitted)); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir 2001) (explaining that "an action that is moot cannot be characterized as an active case or controversy" for purposes of Article III of the U.S. Constitution and should be dismissed).

### *The Test for Permanent Injunction Has not Been Met*

Even if the case is not moot, the Plaintiffs still cannot obtain a permanent injunction.   To obtain a permanent injunction, the Plaintiffs "must clearly establish":   (1) "actual success on the merits," (2) "a substantial threat of irreparable injury," (3) "that the threatened injury to the [P]laintiff[s] outweighs the potential harm to the [D]efendant," and (4) "that the injunction will not disservice the public interest."  *Keister v. Bell*, 879 F.3d 1282, 1287 (11th Cir. 2018).  When seeking to convert a preliminary injunction into a permanent injunction before trial, the summary judgment standard applies.  *See, e.g., United States v. Prater*, No. 02-CV-2052, 2005 WL 2715401, *7-9 (M.D. Fla. Sept. 23, 2005).   That standard requires the Plaintiffs to demonstrate an absence of any genuine issues of material fact with all inferences drawn in favor of the Secretary.  *See, e.g.*, *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999).

The Plaintiffs' argument for permanent injunction rests on the assumption that there are no factual disputes remaining and further briefing, evidentiary hearings, or trial are unnecessary.  ECF 102 at 18-23.  If the Plaintiffs are right about mootness, which they are not, then there remains a factual dispute about the interpretation, and effect of the Secretary's 2014 Advisory Opinion, Directive 2018-01, and Directive 2019-01.  The Plaintiffs presented the affidavit of only one former supervisor concerning the effect of the 2014 Advisory Opinion at the preliminary injunction stage.  ECF 65 at 12.  Findings of fact are based on that affidavit are not controlling for purposes of a permanent injunction.  *See E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1527 n.l (11th Cir. 1985).  The Plaintiffs also fail to present any testimony, affidavits, or other materials concerning Directive 2018-01 or Directive 2019-01, and so cannot show any continuing burdens on their voting rights or otherwise satisfy the prerequisites for a permanent injunction.

The Plaintiffs have thus failed to carry their burden of showing entitlement to a permanent injunction.  *See generally Herzog*, 193 F.3d at 1246 ("[T]he party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly supported the motion with sufficient evidence.").

## *Conclusion*

This Court should deny the Plaintiffs' Motion for Permanent Injunction because these proceedings are moot.   Even if this Court concludes that the proceedings are not moot, the Motion should be denied because the Plaintiffs have not satisfied the requirements for a permanent injunction.

\*\*\*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

The undersigned certifies that this filing complies with the size, font, and formatting requirements of Local Rule 5.1(C), and that this filing complies with the word limit in Local Rule 7.1(F); this filing contains 1,605 words, excluding the case style, signature block, and certificates.

\*\*\*

Respectfully submitted by:

BRADLEY R. MCVAY (FBN 79034)
  *General Counsel*
  brad.mcvay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 48032)
  *Deputy General Counsel*
  ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
(850) 245-6536 /   (850) 245-6127 (fax)


*/s/ Mohammad O. Jazil*
MOHAMMAD O. JAZIL (FBN 72556)
  mjazil@hgslaw.com
GARY V. PERKO (FBN 855898)
  gperko@hgslaw.com
JOSEPH A. BROWN (FBN 25765)
  josephb@hgslaw.com
HOPPING GREEN & SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
(850) 222-7500 / (850) 224-8551 (fax)

Dated:  February 28, 2019          ***Counsel for the Secretary of State***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of a Notice of Electronic Filing through the Court's CM/ECF system on this 28th day of February 2019.

/s/ Mohammad O. Jazil

Attorney