UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS OF
FLORIDA, INC., THE ANDREW
GOODMAN FOUNDATION, INC.,
MEGAN NEWSOME, AMOL
JETHWANI, MARY ROY a/k/a JAMIE
ROY, DILLON BOATNER,
ALEXANDER ADAMS, and ANJA
RMUS,

                Plaintiffs,

  v.

LAUREL M. LEE, in her official capacity
as the Florida Secretary of State,

                Defendant.

Case No. 4:18-cv-00251-MW-CAS

## PLAINTIFFS' EMERGENCY MOTION TO CONTINUE TELEPHONIC HEARING ON MOTION FOR SUMMARY JUDGMENT

Plaintiffs file this emergency motion to continue the telephonic hearing on Plaintiffs' motion for summary judgment (ECF No. 102) (the "Motion"), currently scheduled for this Wednesday, June 19, 2019, at 1:30 p.m. (ECF No. 120), based on a substantial change in circumstances that could determine whether Plaintiffs withdraw the Motion and seek leave to amend their complaint to address new developments that threaten the accessibility of early voting for young voters in Florida. Plaintiffs' counsel has conferred with counsel for the Secretary and has been advised that the Secretary opposes the continuance of the hearing on Plaintiffs' Motion. For the reasons that follow, however, new developments in the Florida Legislature that are plainly directly responsive to the Court's rulings in this

case and will have serious ramifications for young voters in this State, make it likely that holding the hearing on the Motion at this stage will only serve to waste the resources of the parties and the Court. Instead, Plaintiffs respectfully request that the Court continue the hearing for the following reasons, to enable the Plaintiffs to make an informed judgment as to whether to withdraw the Motion and instead seek leave to amend or supplement the complaint and continue to trial.

As the Court is aware, this matter concerns the constitutionality of the Defendant Florida Secretary of State's (the "Secretary") interpretation and application of the Early Vote Statute, section 101.657(1)(a), Florida Statutes (the "Statute"), specifically as it relates to the accessibility of early voting for Florida's young voters on college and university campuses in the State. Last summer, Plaintiffs successfully obtained a preliminary injunction from this Court forbidding the Secretary from interpreting and applying the law to effectively ban the placement of early voting sites on campus. (ECF No. 65). After attempts to resolve this dispute without further Court involvement were unsuccessful, Plaintiffs filed a dispositive motion in February of this year, seeking to convert the preliminary injunction into a permanent injunction, a motion that the Court considered as one for summary judgment. (ECF No. 102). The Court scheduled a telephonic hearing on the Motion that is set to take place on June 19. (ECF No. 120).

While Plaintiffs' Motion was pending, the Florida State Legislature took up a bill, Senate Bill 7066 ("SB 7066"), that in its initial form did little more than codify this Court's preliminary injunction order in a different election case, *Democratic Executive Committee of Florida, et al. v. Laurel M. Lee, et al.*, Case No. 4:18-CV-520-MW/MJF (N.D. Fla.), addressing issues related to signature matching for absentee voting. However, on April 25, 2019, around the same time that a series of provisions were added to SB 7066 to add qualifications to an amendment that Florida's voters passed overwhelmingly to restore voting rights to persons who had been stripped of their civil rights following a felony conviction, an eleventh hour floor amendment was similarly introduced in the Senate to amend the Early Vote Statute to further restrict voting rights in a way that is plainly directly responsive to (and an attempt to avoid) this Court's preliminary judgment in this case.

Specifically, the Legislature voted on party lines to add language to the Early Vote Statute that would forbid supervisors of election to locate early voting sites in any location that does not "provide sufficient nonpermitted parking to accommodate the anticipated amount of voters." Ex. A at 20. Around the same time, an amendment was introduced to provide that the yearly compensation of $2,000 per year that is normally paid to all supervisors of elections "who ha[ve] met the certification requirements established by the Division of Elections" will

not be paid for a period of two years to "[a]ny supervisor who willfully violates any provision of the Florida Election Code . . . ." *Id.* at 64. Thus, the new language would not only effectively prohibit supervisors from placing early voting sites in locations that are short on nonpermitted parking (including nearly all college and university campuses), it provides a serious disincentive for any supervisor to take any risk in determining that, in their particular case, in their particular judgment, there is sufficient nonpermitted parking on the campus at issue to satisfy these new requirements.

SB 7066 never went back to committee after this language was added, which is aimed with laser-like precision at undoing this Court's standing preliminary injunction order, and again imposing an elections regime in which supervisors of election are effectively prohibited from offering early voting on Florida's college and university campuses. Tellingly, the language that was added by SB 7066 echoes almost precisely the arguments made by the Secretary's counsel in this case, which the Court found in its preliminary injunction order to "reek of pretext" concealing the true intent of the Secretary's interpretation of the law—to discriminate against young voters and make it more difficult for them to exercise their right to the franchise in Florida's elections. (ECF No. 65 at 31-32). In addition, at the hearing on the preliminary injunction, the Court noted that the Secretary's argument that a lack of available parking would justify leaving

4

campuses devoid of early voting sites is contrary to any discernible logic: to the contrary, the Court correctly noted that the realities of on-campus life and specifically issues with parking, made locating early voting sites all the more necessary in those locations, where the voting population spends their days navigating campus on foot (or other non-vehicular means of transportation), rather than driving from place to place. *See* Preliminary Injunction Hr'g Transcript at 34:23-25:6.[1] The timing of the amendment to SB 7066, the fact that it echoes an illogical explanation pushed repeatedly by the Secretary during these proceedings which this Court correctly found to be pretextual, and the fact that it was never subject to debate or any explanation to the public, but would effectively undo the good that this Court's order directly effectuated in 2018, where nearly 60,000 voters cast ballots on on-campus early voting sites that only existed because of this Court's preliminary injunction order, (ECF No. 86 at 3), make it clear that it is an alarming continuation of the exact conduct aimed at making it harder for young

---

[1] Furthermore, as this Court noted in its order granting Plaintiffs' motion for a preliminary injunction, the impacted population is enormous: "Across Florida, more than 1.1 million young men and women were enrolled in institutions of higher learning in 2016; nearly 830,000 were enrolled at public colleges or universities. Almost 107,000 staff members worked at these public institutions. Put another way, the number of people who live and work on Florida's public college and university campuses is greater than the population of Jacksonville, Florida—or the populations of North Dakota, South Dakota, Alaska, Vermont, Wyoming, and the District of Columbia." (ECF No. 65 at 1-2).

voters to access early voting that this Court found to be unconstitutional in its preliminary injunction order.

Governor DeSantis has not yet signed SB 7066. However, he issued a press release on Friday, June 14, indicating that it has been presented to him for signing, and it is widely believed that he will either sign it, or allow it to become law (as it will unless he vetoes it) in the next 15 days. Should the Governor sign the bill, Plaintiffs intend to voluntarily withdraw their Motion for Summary Judgment and to move for leave to amend or supplement the complaint to address this most recent act of voter suppression aimed at Florida's young voters, taken as a direct result of and in obvious response to the Court's preliminary ruling in this case. Rather than waste the Court's and the parties' resources arguing over a Motion that is likely to be withdrawn as a result of these new events, Plaintiffs respectfully request that the Court continue the hearing currently set for June 19, until it is clear whether SB 7066 will become the law in Florida. This is consistent with the action taken by the Court on the (there, unopposed) request of Plaintiffs in the signature matching case that was the apparent original motivation for SB 7066. *See Democratic Executive Committee of Florida, et al. v. Laurel M. Lee, et al.*, Case No. 4:18-CV-520-MW/MJF (ECF No. 134) (N.D. Fla. May 29, 2019) (granting unopposed motion for stay pending Governor action on SB 7066); *Democratic Executive Committee of Florida, et al. v. Laurel M. Lee, et al.*, Case No. 4:18-CV-

520-MW/MJF (ECF No. 136) (N.D. Fla. June 13, 2019) (granting unopposed motion to extend stay pending Governor action on SB 7066).

Once SB 7066 is signed or allowed to become law by the Governor's inaction (as it almost certainly will be), Plaintiffs would move to withdraw the Motion for Summary Judgment and request that the Court schedule a status conference to discuss a schedule for Plaintiffs to file for leave to amend or supplement the Complaint and to adjust the scheduling order issued in this case to reflect these new developments.

## LOCAL RULE CERTIFICATION

Counsel for Plaintiffs, Fritz Wermuth, Esquire, hereby certifies that this Response brief contains 1,503 words. Pursuant to Local Rule 7.1(L), Plaintiffs file this motion on an emergency basis, because the motion requires a ruling more promptly than would occur in the ordinary course of business. Undersigned Plaintiffs' counsel, Fritz Wermuth, has conferred with counsel for the Secretary, Mohammad Jazil, who has notified undersigned counsel that the Secretary opposes the requested continuance.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated:  June 17, 2019                    By:  /s/ Frederick S. Wermuth
                                              Frederick S. Wermuth
                                              Florida Bar No.: 0184111
                                              KING, BLACKWELL, ZEHNDER
                                              & WERMUTH, P.A.
                                              P.O. Box 1631
                                              Orlando, FL 32802-1631
                                              Telephone: (407) 422-2472
                                              Facsimile: (407) 648-0161
                                              fwermuth@kbzwlaw.com

                                              Marc E. Elias
                                              Elisabeth C. Frost*
                                              Amanda Callais*
                                              Jacki L. Anderson*
                                              John M. Geise*
                                              Alexi M. Velez*
                                              PERKINS COIE LLP
                                              700 Thirteenth St., N.W., Suite 600
                                              Washington, D.C. 20005-3960
                                              Telephone: (202) 654-6200
                                              Facsimile: (202) 654-9959
                                              melias@perkinscoie.com
                                              efrost@perkinscoie.com
                                              acallais@perkinscoie.com
                                              jackianderson@perkinscoie.com
                                              jgeise@perkinscoie.com
                                              avelez@perkinscoie.com

                                              *Counsel for Plaintiffs*

                                               **Admitted Pro Hac Vice*