UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., THE ANDREW GOODMAN FOUNDATION, INC., AMOL JETHWANI, MARY ROY a/k/a JAMIE ROY, DILLON BOATNER, ALEXANDER ADAMS, ANJA RMUS, MACKINTOSH JOACHIM, BRIANNA PALAZZOLO, and ALEXANDER PEREDA<br><br>Plaintiffs,<br><br>v.<br><br>LAUREL M. LEE, in her official capacity as the Florida Secretary of State,<br><br>Defendant. | Case No. 4:18-cv-00251 (MW/CAS) |

## PLAINTIFFS' UNOPPOSED MOTION TO MODIFY THE SCHEDULING AND MEDIATION ORDER, AND TO EXTEND PRETRIAL DEADLINES AND TRIAL

Plaintiffs, League of Women Voters of Florida, Inc., The Andrew Goodman Foundation Inc., Amol Jethwani, Mary Roy a/k/a Jamie Roy, Dillon Boatner, Alexander Adams, Anja Rmus, Mackintosh Joachim, Brianna Palazzolo, and Alexander Pereda, pursuant to Rule 6(b)(1), Federal Rules of Civil Procedure, and Local Rule 6.1, ask this Court to extend case management deadlines and amend the Scheduling and Mediation Order (ECF No. 101) in light of Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief (ECF No. 136) ("Supplemental Complaint"), and as grounds therefor state:

1. Presently, certain case management deadlines are approaching – including Plaintiffs' deadline to disclose expert reports on August 5, 2019 (*See* ECF No. 101; ECF No. 97) – which were proposed and put in place before the recent statutory amendment on June 28, 2019 ("Early Voting Amendment"), on which Plaintiffs, with leave of the Court, filed their Supplemental Complaint today.

2. Previously, this matter had been stayed and discovery delayed both to permit the Secretary to focus on the November 2018 election and then to allow the parties the opportunity to attempt to resolve the issues raised by this litigation among themselves.

3. Those attempts were unsuccessful and on February 15, 2019 the Parties filed their Case Management Report (ECF No. 97), which included a series of proposed case management deadlines for resolution of the claims in Plaintiffs' First Amended Complaint (ECF No. 16). The Court entered the current scheduling order on February 20, 2019, which largely tracked and incorporated the parties' proposed deadlines as set forth in that submission. (*See* ECF No. 101, ¶ 3).

4. At the time the parties submitted their proposed case management deadlines and the Court entered the current scheduling order, the case primarily concerned the burden of Secretary of State Kenneth Detzner's ("Defendant") Opinion DE 14-01 (the "2014 Opinion") on early voting at university and college

campuses in Florida, which was addressed by a robust evidentiary record submitted to the Court in the preliminary injunction proceedings, including multiple expert reports submitted by Plaintiffs.

5. Soon after submitting a proposed case management schedule for resolution of this matter should it proceed to trial on the issues related to the 2014 Opinion, Plaintiffs filed their Dispositive Motion (ECF No. 102), seeking final declaratory and permanent injunctive relief, based on evidence presented in relation to Plaintiffs' Motion for Preliminary Injunction and findings in the Court's Order Granting Plaintiffs' Motion For Preliminary Injunction (ECF No. 65).

6. Around the same time, the Secretary submitted briefing to the Court arguing that this matter was moot. (ECF Nos. 98 & 104). Thus, as of the early spring of this year, both Plaintiffs and Defendants had the view – albeit for different reasons – that this matter could be resolved without trial.

7. That changed in the late spring when, apparently in response to this case, as detailed in Plaintiffs' Emergency Motion to Continue Telephonic Hearing on Motion for Summary Judgment (ECF No. 122), the Florida Legislature passed Senate Bill 7066 to amend Florida's Early Voting Statute by adding language that would forbid supervisors of election to locate early voting sites in any location that does not "provide sufficient nonpermitted parking to accommodate the anticipated amount of voters." (ECF No. 122-1 at 20.)

3

8. Plaintiffs moved for leave to supplement their complaint to address the new restrictions set forth in Senate Bill 7066, as well as activity by the Secretary relevant to this litigation since the Court's Preliminary Injunction Order. (ECF No. 126). The Court granted that motion and Plaintiffs promptly filed their Supplemental Complaint this morning. (ECF No. 135).

9. In light of their Supplemental Complaint, and to address the concerns raised by the Court in response to Plaintiffs' motion for summary judgment as to whether the Court could issue a permanent injunction on the Secretary's subsequent directives based solely on the preliminary injunction record, Plaintiffs intend to pursue additional discovery that would necessarily impact the subject and scope of their expert reports in light of issues raised by the Early Voting Amendment, as well as directives related to on-campus early voting issued by the Secretary since the 2014 Opinion.

10. To provide the Parties sufficient time to address the issues raised in the Supplemental Complaint and by the Secretary's conduct following the Court's Preliminary Injunction Order, the parties have discussed and agreed to the following proposed dates as reasonable Case Management Deadlines:

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Supplement Initial Disclosures** (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000) | **September 1, 2019** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | **Completed** |
| **Disclosure of Plaintiffs' Expert Reports** | **December 20, 2019** |
| **Disclosure of Defendant's Expert Report** [31 days after Plaintiffs] | **January 20, 2020** |
| **Plaintiffs' Rebuttal** [14 days later] | **February 3, 2020** |
| **Discovery Deadline** [30 days after last Expert Report] | **March 4, 2020** |
| **Dispositive and *Daubert* Motions** [21 days after Discovery Deadline] | **March 25, 2020** |
| **First Mediation Conference Must Begin** | **March 18, 2020** |
| **Mediation Conference Must Be Completed** | **April 1, 2020** |
| **Dispositive Motion Briefing Closes** [within 28 days of dispositive motions deadline, per L.R. 56.1] | **April 22, 2020** (or as otherwise set by the Court) |
| **Trial Term Begins** | **August 3, 2020** |

11. Plaintiffs submit that the modified schedule will serve to conserve the parties' and judicial resources, by allowing an orderly completion of discovery and pretrial deadlines tailored to the new scope of the issues involved in the litigation.

12. The proposed schedule also should not cause any prejudice or otherwise be detrimental to the public interest, as the Court's Preliminary Injunction (ECF No. 65) remains in place, and the Secretary has confirmed that she has no intent to seek modification of the Preliminary Injunction. Accordingly,

consistent with the Court's Preliminary Injunction, the decision to place early voting sites on college and university campuses will remain within the discretion of Florida's Supervisors of Elections, regardless of the timing of the trial in this case.

13. Based on the claims and issues raised in the Supplemental Complaint, Plaintiffs anticipate that all discovery could be completed by March 4, 2020. WHEREFORE, Plaintiffs respectfully ask this Court grant the instant Motion and modify the Case Management and Scheduling Order consistent with the proposed case management deadlines herein.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

The undersigned certifies that this Motion complies with the size, font, and formatting requirements of Local Rule 5.1(C).

The undersigned further certifies that he conferred with counsel for the Defendant regarding this Motion consistent with Local Rule 7.1(B). Defendant does not oppose this request.

Finally, the undersigned certifies that this Motion complies with the word limit in Local Rule 7.1(F); this Motion contains 1,044 words, excluding the case style, signature block, and certificates.

Respectfully submitted by:

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth (FBN 184111)

Thomas A. Zehnder (FBN 63274)
KING, BLACKWELL, ZEHNDER
&WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
tzehnder@kbzwlaw.com

Marc E. Elias
Elisabeth C. Frost*
Amanda Callais*
Jacki L. Anderson*
John M. Geise*
Alexi M. Velez*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
efrost@perkinscoie.com
acallais@perkinscoie.com
jackianderson@perkinscoie.com
jgeise@perkinscoie.com
avelez@perkinscoie.com
*Admitted Pro Hac Vice

Abha Khanna*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
akhanna@perkinscoie.com
*Admitted Pro Hac Vice

***Counsel for the Plaintiffs***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 1, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth
Florida Bar No.: 0184111