UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., THE ANDREW GOODMAN FOUNDATION, INC., MEGAN NEWSOME, AMOL JETHWANI, MARY ROY a/k/a JAMIE ROY, DILLON BOATNER, ALEXANDER ADAMS, AND ANJA RMUS, | Case No. 4:18-cv-00251-MW-CAS |
| Plaintiffs, | |
| v. | |
| LAUREL M. LEE, in her official capacity as the Florida Secretary of State, | |
| Defendant. | |

**FLORIDA SECRETARY OF STATE'S ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant, LAUREL M. LEE, in her official capacity as the Florida Secretary of State, by and through his undersigned counsel, hereby answers Plaintiff's Supplemental Complaint for Declaratory and Injunctive Relief.

**RESPONSE TO ALLEGATIONS**

As to the numbered paragraphs of the Complaint, the Secretary answers as follows:

**NATURE OF THE CASE**

1.    Denied.

1

2.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 2; therefore denied.

3.     Admitted that the Court issued a preliminary injunction in this case, otherwise denied.

4.     Admitted that there were on-campus early voting sites in 2018.  The Secretary is otherwise without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 4; therefore denied.

5.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 5; therefore denied.

6.     Denied.

7.     The Secretary specifically denies the allegations on numbered paragraph 7 concerning the conduct of the Secretary.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 7; therefore denied.

## JURISDICTION & VENUE

8.     The Secretary admits that this action was brought under 42 U.S.C. §§ 1983 and 1988.  The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 8.

9.     Admitted.

10.    Denied to the extent the Eleventh Amendment to the U.S. Constitution serves as a bar to this lawsuit and the relief requested.

11.    Admitted.

12.    The cited statutes speak for themselves.  The Secretary specifically denies that Plaintiffs are entitled to a declaratory judgment from this Court.

13.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 13; therefore denied.

## PARTIES

14.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 14; therefore denied.

15.    The Secretary specifically denies the allegations of numbered paragraph 15 concerning the Secretary's interpretation or application of any statutes. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 15; therefore denied.

16.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 16; therefore denied.

17.    The Secretary specifically denies the allegations of numbered paragraph 17 concerning the Secretary's interpretation or application of any statutes. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 17; therefore denied.

18.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 18; therefore denied.

19.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 19; therefore denied.

20.    The Secretary specifically denies the allegations of numbered paragraph 20 concerning the Secretary's interpretation or application of any statutes. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 20; therefore denied.

21.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 21; therefore denied.

22.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 22; therefore denied.

23.    The Secretary specifically denies the allegations of numbered paragraph 23 concerning the Secretary's interpretation or application of any statutes. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 23; therefore denied.

24.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 24; therefore denied.

25.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 25; therefore denied.

26.    Secretary specifically denies the allegations of numbered paragraph 26 concerning the Secretary's interpretation or application of any statutes.    The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 26; therefore denied.

27.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 27; therefore denied.

28.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 28; therefore denied.

29.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 29; therefore denied.

30.     The Secretary specifically denies the allegations of numbered paragraph 30 concerning the Secretary's interpretation or application of any statute. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 30; therefore denied.

31.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 31; therefore denied.

32.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 32; therefore denied.

33.     The Secretary specifically denies the allegations of numbered paragraph 33 concerning the Secretary's interpretation or application of any statute. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 33; therefore denied.

34.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 34; therefore denied.

35.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 35; therefore denied.

36.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 36; therefore denied.

37.     The Secretary specifically denies the allegations of numbered paragraph 37 concerning the Secretary's interpretation or application of any statute. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 37; therefore denied.

38.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 38; therefore denied.

39.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 39; therefore denied.

40.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 40; therefore denied.

41.     The Secretary specifically denies the allegations of numbered paragraph 41 concerning the Secretary's interpretation or application of any statute. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 41; therefore denied.

42.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 42; therefore denied.

43.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 43; therefore denied.

44.     The Secretary specifically denies the allegations of numbered paragraph 44 concerning the Secretary's interpretation or application of any statute. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 44; therefore denied.

45.     The statutes cited speak for themselves.  The Secretary specifically denies the allegations of numbered paragraph 45 concerning the Secretary's interpretation or application of any statute.

## STATEMENT OF THE FACTS AND LAW

**A.     History of Early Voting in Florida pre-2012**

46.     The cases and publications cited speak for themselves.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 46; therefore denied.

47.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 47; therefore denied.

48.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 48; therefore denied.

49.     Admitted.

50.     Admitted.

51.     Admitted.

52.     The bill cited speaks for itself.  The Secretary admits that the bill was passed and signed into law in 2011.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 52; therefore denied.

53.     Admitted.

54.     Admitted.

55.     The cases and statutes cited speak for themselves.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 55; therefore denied.

56.     The cases and statutes cited speak for themselves.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 56; therefore denied.

57.     The case cited speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 57; therefore denied.  The case cited in Footnote 5 speaks for itself.  The Secretary is without sufficient information and knowledge to admit or deny any remaining legal conclusions contained in Footnote 5; therefore denied.

58.     The pleading and statute cited speak for themselves.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 58; therefore denied.

**B.     The 2012 Election**

59.     The statute cited speaks for itself.  Any remaining factual allegations in numbered paragraph 59 are denied.

60.     Admitted.

61.    Denied that the Early Vote Statute "strictly" limited early voting locations to the main or branch office of the supervisor of elections.  The remaining factual allegations in numbered paragraph 61 are admitted.

62.    The Secretary's report speaks for itself.  The Secretary denies any remaining factual allegations in numbered paragraph 62.

63.    The cited publication speaks for itself.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations in numbered paragraph 63; therefore denied.

64.    The cited publication speaks for itself.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations in numbered paragraph 64; therefore denied.

65.    The Secretary's cited report speaks for itself.  The Secretary denies any remaining factual allegations in numbered paragraph 65.

66.    The Secretary's cited report speaks for itself.  The Secretary denies any remaining factual allegations in numbered paragraph 66.

67.    The Secretary's cited report speaks for itself.  The Secretary denies any remaining factual allegations in numbered paragraph 67.

68.    The Secretary's cited report speaks for itself.  The Secretary denies any remaining factual allegations in numbered paragraph 68.

69.     The publication and bill cited speak for themselves.  The Secretary admits that HB 7013 passed and was signed into law by the Governor. The Secretary lacks sufficient information or knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 69; therefore denied.

70.     The cited document speaks for itself.  The Secretary denies any remaining factual allegations contained in numbered paragraph 70.

71.     Admitted.

72.     Admitted.

73.     Admitted.

74.     Admitted.

75.     Admitted that section 101.657, Fla. Stat., was amended in 2019.  The Secretary lacks sufficient information or knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 75; therefore denied.

76.     Denied.

**C.     The Secretary's Interpretation of the Early Vote Statute**

77.     The Secretary admits that an advisory opinion was issued in 2014, but specifically denies the allegations of numbered paragraph 77 concerning the scope and interpretation of the advisory opinion.

78.    The Secretary admits that the City of Gainesville requested an advisory opinion.  The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 78.

79.    Admitted.

80.    The Secretary admits that an advisory opinion was issued in 2014.  The cited advisory opinion speaks for itself.  The Secretary specifically denies any remaining allegations of numbered paragraph 80 concerning the scope and interpretation of any advisory opinion.

81.    The cited advisory opinion speaks for itself. The Secretary specifically denies any remaining allegations of numbered paragraph 81 concerning the scope and interpretation of any advisory opinion.

82.     The cited advisory opinion and bills speak for themselves.   The Secretary specifically denies the remaining allegations in numbered paragraph 82.

83.    Denied.

84.    The quoted advisory opinion speaks for itself.  The Secretary denies any remaining allegations in numbered paragraph 84.

85.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in paragraph 85; therefore denied.

86.    The cited publication speaks for itself.   The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 86; therefore denied.

**D.    Young Voters and Early Voting**

87.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 87; therefore denied.

88.    Denied.

89.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 89, including because Plaintiffs do not define the term "campus"; therefore denied.

90.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 90; therefore denied.

91.    The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 91; therefore denied.

92.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 92; therefore denied.

93.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 93; therefore denied.

94.     The cited publication speaks for itself.   The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 94; therefore denied.

95.     The cited publication speaks for itself.   Otherwise denied.

96.     Denied.

97.     The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 97; therefore denied.

**E.     The Court's Preliminary Injunction Order**

98.     Admitted.

99.     Admitted.

100.    The Court's Preliminary Injunction Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations or legal conclusions contained in numbered paragraph 100; therefore denied.

101.    The Court's Preliminary Injunction Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any

remaining factual allegations or legal conclusions contained in numbered paragraph 101; therefore denied.

102.   The Court's Preliminary Injunction Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations or legal conclusions contained in numbered paragraph 102; therefore denied.

103.   The Court's Preliminary Injunction Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations or legal conclusions contained in numbered paragraph 103; therefore denied.

104.   The Court's Preliminary Injunction Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations or legal conclusions contained in numbered paragraph 104; therefore denied.

105.   The Court's Preliminary Injunction Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations or legal conclusions contained in numbered paragraph 105; therefore denied.

106.   The Court's Preliminary Injunction Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any

remaining factual allegations or legal conclusions contained in numbered paragraph 106; therefore denied.

107.   The Court's Preliminary Injunction Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations or legal conclusions contained in numbered paragraph 107; therefore denied.

108.   The Court's Preliminary Injunction Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations or legal conclusions contained in numbered paragraph 108; therefore denied.

**F.     On-Campus Early Voting Following the Court's Preliminary Injunction**

109.   The Secretary admits that she issued Directive 2019-01.  The Secretary denies any remaining factual allegations in numbered paragraph 109.

110.   The Secretary admits that on-campus voting sites were open during early voting for the November 2018 election, which was several months after the Preliminary Injunction Order in this case.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 110; therefore denied.

111.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 111; therefore denied.

112.   The Court's Preliminary Injunction Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 112; therefore denied.

113.   The cited publication speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 113; therefore denied.

**G.     The Secretary Has Never Disclaimed the 2014 Opinion and Has Repeatedly Declined to Offer Clear, Unequivocal Directive**

114.   The Court's Preliminary Injunction Order speaks for itself.   The Secretary denies any remaining factual allegations in numbered paragraph 114.

115.   Denied.

116.   The quoted material speaks for itself.

117.   Denied.

118.   Denied.

119.   The cited directive speaks for itself.   The Secretary otherwise denies any remaining factual allegations in numbered paragraph 119.

120.   Denied.

121.   Denied.

122.   The cited directive speaks for itself.   The Secretary denies any remaining factual allegations contained in numbered paragraph 122.

123.   The cited directive speaks for itself.   The Secretary denies any remaining factual allegations contained in numbered paragraph 123.

124.   The Court's cited Order speaks for itself.   The Secretary denies any remaining factual allegations contained in numbered paragraph 124.

125.   The cited filing speaks for itself.   The Secretary denies any remaining factual allegations contained in numbered paragraph 125.

126.   The cited hearing transcript speaks for itself.   The Secretary denies any remaining factual allegations contained in numbered paragraph 126.

127.   The cited hearing transcript speaks for itself.   The Secretary denies any remaining factual allegations contained in numbered paragraph 127.

128.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 128; therefore denied.

129.   The cited filing speaks for itself. The Secretary denies any remaining factual allegations contained in numbered paragraph 129.

130.   The cited filing speaks for itself. The Secretary denies any remaining factual allegations contained in numbered paragraph 130.

131.   The cited transcript speaks for itself. The Secretary denies any remaining factual allegations contained in numbered paragraph 131.

132.   The cited filings speak for themselves.   The Secretary denies any remaining factual allegations contained in numbered paragraph 132.

133.   The cited filings speak for themselves.   The Secretary denies any remaining factual allegations contained in numbered paragraph 133.

134.   Denied.

135.   The cited filing speaks for itself.   The Secretary otherwise denies any remaining factual allegations contained in numbered paragraph 135.

136.   Denied.

137.   The Court's cited Order speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 137; therefore denied.

138.   The cited filing speaks for itself.   The Secretary otherwise denies any remaining factual allegations contained in numbered paragraph 138.

139.   The cited bill and statute speak for themselves.   The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 139; therefore denied.

140.   Denied.

141.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 141; therefore denied.

**H.     The Permitted Parking Prohibition**

142.   The cited publication and cases speak for themselves. Admitted that Governor Ron DeSantis signed SB 7066, relating to election administration, into law on June 28, 2019.  Admitted that some provisions of SB 7066 have been subject to challenge.   The Secretary otherwise denies any remaining factual allegations in numbered paragraph 142.

143.   Admitted that SB 7066 and HB 7101 were introduced as election administration bills intended to address a range of election-related issues.   The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 143; therefore denied.

144.    The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 144; therefore denied.

145.   Admitted that SB 7066 and HB 7101 were considered by respective Senate and House committees and where the subject of discussion and amendment through the legislative process.  The Secretary is without sufficient information and

21

knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 145; therefore denied.

146.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 146; therefore denied.

147.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 147; therefore denied.

148.   The cited document speaks for itself.   The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 148; therefore denied.

149.   The cited source speaks for itself.   The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 149; therefore denied.

150.   Admitted.

151.   Admitted as to HB 7101.  Admitted that SB 7066 was calendared for a second reading on April 26.  The Secretary specifically denies that SB 7066 was reported out of committee in early April.

152.   Admitted that the Court issued an Order on April 22.  The substance of the Order cited in numbered paragraph 152 speaks for itself.

153.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 153; therefore denied.

154.   Admitted.

155.   Admitted that much of the cited amendment was consistent with prior drafts of HB 7101.  The publication cited in numbered paragraph 155 speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 155; therefore denied.

156.   Admitted that the referenced amendment included changes to the target bill and that Plaintiffs have asserted they are relevant to this action.  The Secretary denies any remaining factual allegations contained in numbered paragraph 156.

157.   Admitted that the referenced amendment changed HB 7101 to remove language allowing a second "wildcard" early voting site in each county. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 157; therefore denied.

158.   Admitted that the referenced amendment changed HB 7101 to include language providing that early voting locations "must provide sufficient nonpermitted parking to accommodate the anticipated amount of voters."  The Secretary is without

sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 158; therefore denied.

159.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 159; therefore denied.

160.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 160; therefore denied.

161.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 161; therefore denied.

162.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 162; therefore denied.

163.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 163; therefore denied.

164.   Admitted.

165.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 165; therefore denied.

166.   Admitted that after adoption of the amendment to HB 7101 on April 25, HB 7101 was not sent back to committee.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 166; therefore denied.

167.   Admitted that Senator Baxley filed an amendment to SB 7066 on April 25.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 167; therefore denied.

168.   The cited publication speaks for itself.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 168; therefore denied.

169.   Admitted that the referenced amendment made changes to the then pending version of SB 7066.  The cited amendment, bill, and publication speak for themselves. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 169; therefore denied.

170.   Admitted that the referenced amendment to SB 7066 included language stating early voting locations "must provide sufficient nonpermitted parking to accommodate the anticipated amount of voters," as was also included in an amendment to HB 7101.

171.   Admitted that the referenced amendment was considered by the Senate on April 26.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 171; therefore denied.

172.   The cited source speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 172; therefore denied

173.   The cited source speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 173; therefore denied

174.   The cited source speaks for itself. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 174; therefore denied

175.   Admitted.

176.   Admitted that on April 26 the Senate voted on SB 7066 for a final time prior to transmitting SB 7066 to the House. The Secretary is without sufficient

information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 176; therefore denied.

177.   The cited material speaks for itself.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 177; therefore denied

178.   Admitted.

179.   Admitted.

180.   Admitted that as finally adopted the referenced bill did not include any provision allowing a second "wildcard" early voting location and did include language stating early voting locations "must provide sufficient nonpermitted parking to accommodate the anticipated amount of voters." The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 180; therefore denied.

181.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 181; therefore denied.

182.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 182; therefore denied.

183.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 183; therefore denied.

184.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 184; therefore denied.

185.   The cited document speaks for itself.   The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 185; therefore denied.

186.   The cited publication speaks for itself.   The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 186; therefore denied.

187.   Admitted that the phrase "nonpermitted parking" does not currently appear in the Electors and Elections Title of Florida Statutes (other than in section 101.657, Florida Statutes), or elsewhere in Florida Statutes or the Florida Administrative Code. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 187; therefore denied.

188.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 188; therefore denied.

189.   The Secretary is without sufficient information and knowledge at this time concerning the factual allegations contained in numbered paragraph 189; therefore denied.

190.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 190; therefore denied.

191.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 191; therefore denied.

192.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 192; therefore denied.

193.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 193; therefore denied.

194.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 194; therefore denied.

195.   Admitted that the referenced opinion and statute do not reference "parking," and that parking was an issue raised by the Secretary at the preliminary injunction stage in this case.  Otherwise denied.

196.   The Court's Order Granting Plaintiffs' Motion for Preliminary Injunction in this case speaks for itself.  To the extent there are any remaining factual allegations contained in numbered paragraph 196, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

197.   To the extent numbered paragraph 197 is restating the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction in this case, such Order speaks for itself.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 197; therefore denied as to any remaining allegations.

198.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 198; therefore denied.

199.   To the extent numbered paragraph 199 is restating the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction in this case, such Order

speaks for itself.  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 199; therefore denied as to any remaining allegations

200.   To the extent numbered paragraph 200 is restating the cited hearing transcript, such transcript speaks for itself.  To the extent there are any remaining factual allegations contained in numbered paragraph 200, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

201.   To the extent numbered paragraph 201 is restating the cited hearing transcript, such transcript speaks for itself.  To the extent there are any remaining factual allegations contained in numbered paragraph 201, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

202.   Admitted that the referenced language stating that early voting locations "must provide sufficient nonpermitted parking to accommodate the anticipated amount of voters" applies to early voting sites and not election day voting sites.  Admitted that this language was adopted and approved as part of Florida Statutes effective July 1, 2019, which is after the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction issued on July 24, 2018, in this case.  To the extent there are any remaining factual allegations contained in numbered paragraph 202, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

203.   Denied as to allegations concerning the Secretary's intent.   The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 203; therefore denied.

204.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 204; therefore denied.

205.   Denied.

206.   The cited publication speaks for itself.   To the extent there are any remaining factual allegations contained in numbered paragraph 206, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

207.   The cited publication speaks for itself.   To the extent there are any remaining factual allegations contained in numbered paragraph 207, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

208.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 208; therefore denied.

209.   The cited publication speaks for itself.  To the extent there are any remaining factual allegations contained in numbered paragraph 209, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

210.   The cited publication speaks for itself.  To the extent there are any remaining factual allegations contained in numbered paragraph 210, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

211.   The cited publication speaks for itself.  To the extent there are any remaining factual allegations contained in numbered paragraph 211, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

212.   The cited publication speaks for itself.  To the extent there are any remaining factual allegations contained in numbered paragraph 212, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

213.   The cited publication speaks for itself.  To the extent there are any remaining factual allegations contained in numbered paragraph 213, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

214.   Denied.

## I.   The Permitted Parking Prohibition Provides a New Means of Suppressing the Vote of Young Voters

215.   Denied.

216.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 216; therefore denied.

217.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 217; therefore denied.

## CLAIMS FOR RELIEF

## COUNT I

218.   The Secretary incorporates by reference the responses to numbered paragraphs 1-217 of Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief.

219.   The legal authorities cited speak for themselves.  The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 219.

220.   Denied.

221.   Denied.

222.   Denied.

223.  Denied.

224.  The Secretary specifically denies the allegations of numbered paragraph 224 concerning the potential impact of the "Secretary's interpretation." The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 224; therefore denied.

225.  The Secretary specifically denies the allegations of numbered paragraph 225 concerning the potential impact of the "Secretary's interpretation." The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 225; therefore denied.

226.  The cases cited speak for themselves.  The Secretary denies any remaining factual allegations and legal conclusions contained in numbered paragraph 226.

227.  The cases cited speak for themselves.  The Secretary denies any remaining factual allegations and legal conclusions contained in numbered paragraph 227.

228.  The statute referred to speaks for itself.  The Secretary denies any remaining factual allegations and legal conclusions contained in numbered paragraph 228.

229.   The statute referred to speaks for itself.   The Secretary denies any remaining factual allegations and legal conclusions contained in numbered paragraph 229.

230.   The statute referred to speaks for itself.   The Secretary denies any remaining factual allegations and legal conclusions contained in numbered paragraph 229.

231.   The "Preliminary Injunction Order" referred to speaks for itself.   The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 231.

232.   Denied.

233.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 233; therefore denied.

234.   Denied.

235.   Denied.

The Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count I of Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief.

## COUNT II

236.   The Secretary incorporates by reference the responses to numbered paragraphs 1-217 of Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief.

237.   The Twenty-Sixth Amendment speaks for itself.   To the extent numbered paragraph 237 contains any remaining factual allegations or legal conclusions, they are denied.

238.   The cited case speaks for itself.  To the extent numbered paragraph 238 contains any remaining factual allegations or legal conclusions, they are denied.

239.   The Twenty-Sixth Amendment and cited case speak for themselves.  To the extent numbered paragraph 239 contains any remaining factual allegations or legal conclusions, they are denied.

240.   The statute cited speaks for itself.  To the extent numbered paragraph 240 contains any remaining factual allegations or legal conclusions, they are denied.

241.   Denied.

242.   Denied.

243.   Denied.

244.   Denied.

245.   The Court's referenced Order speaks for itself. To the extent numbered paragraph 245 contains any remaining factual allegations or legal conclusions, they are denied.

246.   The Court's referenced Order speaks for itself. To the extent numbered paragraph 246 contains any remaining factual allegations or legal conclusions, they are denied.

247.   Denied as to allegations concerning the nature or affect of any statements by the Secretary. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual or legal allegations contained in numbered paragraph 247; therefore denied.

248.   Denied.

249.   Denied

The Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count II of Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief.

## **COUNT III**

250.   The Secretary incorporates by reference the responses to numbered paragraphs 1-217 of Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief.

251.   Denied.

252.  Denied.

253.  Denied.

254.  Denied.

255.  Denied.

256.  Denied.

257.  The Secretary specifically denies the allegations of numbered paragraph 257 concerning the potential impact of the "Permitted Parking Prohibition."  The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 257; therefore denied.

258.  The Secretary specifically denies the allegations of numbered paragraph 258 concerning the potential impact of the "Permitted Parking Prohibition."   The Secretary is without sufficient information and knowledge to admit or deny any remaining factual allegations contained in numbered paragraph 258; therefore denied.

259.  The cases cited speak for themselves.  The Secretary denies any remaining factual allegations and legal conclusions contained in numbered paragraph 259.

260.   The cases cited speak for themselves.   The Secretary denies any remaining factual allegations and legal conclusions contained in numbered paragraph 260.

261.   The statute referred to speaks for itself.   The Secretary denies any remaining factual allegations and legal conclusions contained in numbered paragraph 261.

262.   Denied

The Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count III of Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief.

## COUNT IV

263.   The Secretary incorporates by reference the responses to numbered paragraphs 1-217 of Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief.

264.   The cited statute speaks for itself.   To the extent numbered paragraph 264 contains any remaining factual allegations or legal conclusions, they are denied.

265.   To the extent numbered paragraph 265 is a restatement of any findings or conclusions of the Order Granting Plaintiffs' Motion for Preliminary Injunction in this case, that order speaks for itself.   To the extent numbered paragraph 265 contains any remaining factual allegations or legal conclusions, they are denied.

40

266.   To the extent numbered paragraph 266 is a restatement of any findings or conclusions of the Order Granting Plaintiffs' Motion for Preliminary Injunction in this case, that order speaks for itself.   To the extent numbered paragraph 266 contains any remaining factual allegations or legal conclusions, they are denied.

267.   Admitted that parking was an issue raised by the Secretary at the preliminary injunction stage in this case.   The Court's referenced Order Granting Plaintiffs' Motion for Preliminary Injunction in this case speaks for itself.   To the extent numbered paragraph 267 contains any remaining factual allegations or legal conclusions, they are denied.

268.   Admitted that the referenced language stating that early voting locations "must provide sufficient nonpermitted parking to accommodate the anticipated amount of voters" applies to early voting sites and not election day voting sites.   Admitted that this language was adopted and approved as part of Florida Statutes effective July 1, 2019, which is after the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction issued on July 24, 2018, in this case.   To the extent there are any remaining factual allegations contained in numbered paragraph 268, the Secretary is without sufficient information and knowledge to admit or deny them; therefore denied.

269.   The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 269; therefore denied.

270.   Denied as to allegations concerning the nature or affect of any legal interpretations or statements by the Secretary. The Secretary is without sufficient information and knowledge to admit or deny any remaining factual or legal allegations contained in numbered paragraph 270; therefore denied.

271.   Denied

The Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count IV of Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief.

## AFFIRMATIVE DEFENSES

The Secretary hereby alleges the following affirmative defenses to Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief:

1.   Failure to State a Cause of Action.  The Complaint and each claim alleged therein fails to state a valid cause of action or claim for relief.

2.   Lack of Standing.  The Plaintiffs lack standing under Article III of the U.S. Constitution.

3.   Eleventh Amendment.  The Secretary asserts the defense of Eleventh Amendment immunity to all claims to which that defense applies.

42

Respectfully Submitted By:

Bradley R McVay (FBN 79034)
  *General Counsel*
  brad.mcvay@dos.myflorida.com
Ashley E. Davis (FBN 48032)
  *Deputy General Counsel*
  ashley.davis@dos.myflorida.com
Florida Department of State
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
(850) 245-6536 /   (850) 245-6127 (fax)

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
  mjazil@hgslaw.com
Gary V. Perko (FBN 855898)
  gperko@hgslaw.com
Joseph A. Brown (FBN 25765)
  josephb@hgslaw.com
Hopping Green & Sams, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
(850) 222-7500 / (850) 224-8551 (fax)

Dated:  August 22, 2019          **Counsel for the Secretary of State**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

via transmission of a Notice of Electronic Filing through the Court's CM/ECF

system to the following on this 22nd day of August, 2019:

Frederick S. Wermuth
Thomas A. Zehner
KING, BLACKWELL, ZEHNDER
&WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
tzehnder@kbzlaw.com
***Counsel for the Plaintiffs***

Abha Khanna*
PERKINS COIE, LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: (206) 359-9312
AKhanna@perkinscoie.com
*Admitted Pro Hac Vice*
***Counsel for the Plaintiffs***

Marc E. Elias
Elisabeth C. Frost*
Amanda Callais*
Jacki L. Anderson*
John M. Geise*
Alexi M. Velez*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
efrost@perkinscoie.com
acallais@perkinscoie.com
jackianderson@perkinscoie.com
jgeise@perkinscoie.com
avelez@perkinscoie.com
*Admitted Pro Hac Vice*
***Counsel for the Plaintiffs***

/s/    Mohammad O. Jazil
Attorney